IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1746 C.D. 2024 |
| | : | Submitted: March 3, 2026 |
| $30,250.00 U.S. Currency | : | |
| | : | |
| Appeal of: John Manh To | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED: July 13, 2026

John Manh To (Manh To), proceeding pro se, appeals an Order of the Court of Common Pleas of Berks County (common pleas), wherein common pleas denied Manh To's Motion for Return of Property (Motion). Because the Motion was filed more than 30 days after common pleas ordered forfeiture, common pleas held it lacked jurisdiction over the Motion, which was moot. On appeal to this Court, common pleas found, and the Commonwealth of Pennsylvania (Commonwealth) argues, that the instant appeal should be dismissed and the Order affirmed because Manh To did not timely file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), (1925(b) Statement), as ordered by common pleas, and, thus, Manh To waived all issues on appeal.

Our Supreme Court has made clear that strict compliance with the deadlines set forth in Rule 1925 is required. However, in this case, there is **no notation** on the docket showing that Manh To was sent a copy of common pleas' order directing the filing of a 1925(b) Statement, which is required under the rules and case law. We, therefore, will not find waiver. Because common pleas believed the issues were waived, it has not addressed the merits of Manh To's appeal in its 1925(a) opinion. Therefore, we will remand for common pleas to issue a new Rule 1925(a) opinion addressing the merits of this appeal.

## I. BACKGROUND

Since we do not reach the merits of this appeal, a detailed recitation of the facts and the procedural posture underlying the forfeiture is unnecessary. In brief, Manh To was driving a vehicle that was stopped by the Pennsylvania State Police (PSP), at which time PSP requested to search the vehicle and Manh To consented. (Common Pleas' Statement in Lieu of Opinion (Statement in Lieu) at 1.[1]) During the vehicle search, PSP discovered and ultimately seized $30,250.00 in U.S. Currency (Currency) in the center console of the vehicle, bound by rubber bands in increments of $1,000.00 and wrapped in multiple layers of plastic. (*Id*.) A K-9 trained in detecting controlled substances alerted that there was controlled substance residue on the Currency. (*Id*.)

Thereafter, pursuant to the Pennsylvania Controlled Substances and Forfeiture Act, 42 Pa.C.S. §§ 5801-5808, the Commonwealth sought forfeiture of the Currency and Manh To did not answer or respond to the Commonwealth's forfeiture request. (*Id*. at 2.) Common pleas granted the Commonwealth's forfeiture request on

---

[1] A copy of the Statement in Lieu is included as Appendix C to Manh To's Principal Brief.

2

October 25, 2023. (*Id.*) In July 2024, Manh To filed the Motion seeking return of the Currency. (*Id.*) In its Order dated August 2, 2024, **but not exited until September 10, 2024,** over a month after the order was dated, common pleas denied the Motion as moot and untimely. Manh To then filed a timely notice of appeal.[2]

By order dated September 30, 2024, common pleas ordered Manh To to file a 1925(b) Statement within 21 days (1925(b) Order).[3] The 1925(b) Order warned that "[a]ny issue not properly included in the [1925(b)] Statement timely filed and served pursuant to Pa.R.A.P. 1925(b)(1) shall be deemed waived." (1925(b) Order.) Attached to the 1925(b) Order is a signed proof of service sheet from the Berks County Clerk of Courts indicating that Manh To was served with the 1925(b) Order by regular mail to his State Correctional Institution-Camp Hill (SCI-Camp Hill) address on September 30, 2024.[4] However, Manh To did not timely file a 1925(b) Statement. (Statement in Lieu at 2.) Common pleas, thereafter, filed its Statement in Lieu reiterating these facts and that this Court should dismiss Manh To's appeal as the issues were waived for not filing a 1925(b) Statement as directed.

In its Statement in Lieu, common pleas also explained that Manh To did not answer or respond to the Commonwealth's forfeiture request and based on the Commonwealth's subsequent request for default judgment and a forfeiture order, on October 25, 2023, common pleas granted the forfeiture request, which Manh To did not appeal. (Common Pleas' Statement in Lieu at 2.) Common pleas further explained that when Manh To ultimately filed the Motion, it did not reference the forfeiture proceedings or allege any causes of action, and given the time that had

---

[2] The Superior Court transferred the appeal to this Court by order dated November 15, 2024.

[3] A copy of the 1925(b) Order is included as Appendix C to Manh To's Principal Brief.

[4] A copy of the proof of service is included as Appendix A to the Commonwealth's Brief and also appears in the Original Record as Item 8.

3

elapsed, common pleas concluded the Motion was moot and untimely. (*Id*. (citing *Commonwealth v. Allen*, 107 A.3d 709 (Pa. 2014)).)

## II. PARTIES' ARGUMENTS

On appeal, Manh To, in relevant part, argues that he complied with his obligations under Rule 1925(b). Manh To asserts that he did not receive common pleas' 1925(b) Order until 8 days after the 21-day deadline had passed. (*Id*.) In support, Manh To attaches a copy of an envelope, postmarked October 24, 2024, bearing the Berks County Clerk of Courts' return address, but no recipient address. (*See* Appendix C of Manh To's Principal Brief (Br.)) Manh To asserts that this envelope contained common pleas' 1925(b) Order and that given the postmark date on the envelope, there was no way Manh To could have timely complied with the 21-day deadline, which had already expired when it was sent. Manh To also attaches a typewritten copy of a letter purportedly sent to common pleas dated October 29, 2024, wherein he explained that he did not receive common pleas' 1925(b) Order until October 29, 2024, as evidenced by the envelope that Mahn To indicates he is enclosing as proof, along with his 1925(b) Statement. (*Id*.) However, in a "response" filed to our order requesting the parties address the waiver issue in their briefs as well as in his Supplemental Brief filed with this Court,[5] Mahn To attaches a handwritten letter to the trial court asserting the 1925(b) Order was just received but making no reference to the envelope that the typewritten one does. None of these

---

[5] Because Manh To already filed his Principal Brief at the time the Court directed the parties to address the waiver issue, the Court permitted him to file a Supplemental Brief, which he did. He also separately filed a response to the Court's order.

items appear in the Original Record from common pleas, although the handwritten letter bears a date stamp that it was received by common pleas.[6]

In response, the Commonwealth argues that Manh To's various claims and attachments are contradictory, given that there are two versions of the letter attached as appendices, one typed and one handwritten. (Commonwealth's Br. at 15-16.) Further, the Commonwealth asserts that Manh To has failed to substantively address the waiver issue because Manh To has not provided any argument on waiver in his Supplemental Brief and Manh To has not moved to amend the Original Record to include the attached documents. (*Id*. at 16.) Taken together, the Commonwealth asserts that the documents attached by Manh To are, thus, not part of the Original Record, and this Court cannot consider them on appeal. (*Id*. at 16-17 (citing *Commonwealth v. Williams*, 715 A.2d 1101, 1103 (Pa. 1998)).)

Nevertheless, the Commonwealth contends that even if the documents attached by Manh To were properly before this Court, such "proof" is suspect given the inconsistencies of the two letters and because the envelope contains no recipient address and contains an unidentified docket number, and it is unclear how the envelope reached Manh To. (Commonwealth's Br. at 17-18.) These inconsistencies, the Commonwealth argues, could have an explanation, but because Manh To did not provide an explanation even after being given the opportunity to supplement his briefing, the inconsistencies in Manh To's evidence is contradicted by the Original Record. (*Id*. at 18-19.) Thus, the Commonwealth concludes that Manh To waived all issues on appeal and requests that this Court dismiss the appeal.

---

[6] It appears the Original Record was sent to the Superior Court on November 1, 2024, the same date Manh To's handwritten letter was date stamped as having been received by common pleas. Yet, it does not appear in the Original Record, nor has common pleas supplemented the record.

5

## III. DISCUSSION[7]

We begin by examining whether Manh To waived his appellate arguments. Common pleas found Manh To did not comply with the 1925(b) Order by filing a timely 1925(b) Statement. Pursuant to Rule 1925(a),

> upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1). In relevant part, Rule 1925(b) expressly provides:

> If the judge entering the order giving rise to the notice of appeal [] desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal [].

Pa.R.A.P. 1925(b).

"The purpose of [] [R]ule [1925(a)] is to provide the appellate court with a reasoned basis for the trial court's order." *Lemon v. Dep't of Transp.*, 763 A.2d 534, 537 n.2 (Pa. Cmwlth. 2000). Similarly, "the concise statement's purpose [in Rule 1925(b)] is to assist the trial judge in apprehending the issues and authoring an opinion accordingly for the benefit of the parties, the appellate court, and the public." *Commonwealth v. Rogers*, 250 A.3d 1209, 1225 (Pa. 2021). Our Supreme Court has "emphasize[d] the point that the intermediate appellate courts do not have the

---

[7] "This Court's review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Commonwealth v. Matiyasic*, 334 A.3d 85, 88 n.4 (Pa. Cmwlth. 2025) (internal quotation marks and citation omitted).

discretion to countenance deviations from [] Rule[ 1925's] requirements . . . ." *Commonwealth v. Hill*, 16 A.3d 484, (Pa. 2011), *superseded on other grounds*, *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).[8]  In turn, based on this precedent, this Court is required to find waiver when a 1925(b) Statement is untimely filed or not filed at all.

However, there are circumstances in which a party is excused from filing a timely 1925(b) Statement.  Rule 1925(b)(2)(i) provides that an appellant may request an extension of time to file "for good cause shown."  Pa.R.A.P. 1925(b)(2)(i).  In addition, "[i]n extraordinary circumstances, the judge may allow for the filing of a [1925(b)] Statement . . . *nunc pro tunc*."  *Id.*  We recently explained that

---

[8] In *Matiyasic*, we recently opined on the state of the law as it relates to Rule 1925 and this Court's appellate review:

In *Commonwealth v. Lord*, 719 A.2d 306 ([Pa. ]1998), the [] Supreme Court made clear that **if an appellant fails to file a timely [] 1925(b) Statement as ordered by the trial court, all issues will be waived for purposes of appellate review**. This Court has observed: "The Supreme Court's establishment of a bright-line rule in *Lord* makes waiver under Rule 1925[(b)] automatic with no room for interpretation."[]  *Commonwealth v. Weldon* (Pa. Cmwlth., No. 1547 C.D. 2016, filed Aug. 31, 2017), slip op. at 3;[] *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 ([Pa. ]2005) (reaffirming *Lord's* bright-line test, expressing "disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived"); *Commonwealth v. Butler*, 812 A.2d 631 ([Pa. ]2002) (reaffirming *Lord*). **The complete failure by an appellant to file a [] 1925(b) Statement certainly renders his issues subject to the same fate.  Finally, the bright-line rule applies to pro se prisoner appellants**.  *See also Miller v. Pa. Off. of Att'y Gen.* (Pa. Cmwlth., No. 2072 C.D. 2015, filed Sept. 20, 2016) (a pro se prisoner waives all issues on appeal by failing to comply with the trial court's order and Rule 1925(b)); *Commonwealth v. Snyder*, 316 A.3d 178, 181 (Pa. Super. 2024) ("[U]nder Pennsylvania law, pro se defendants are subject to the same rules of procedure as are represented defendants.").

334 A.3d at 89 (brackets removed and added) (emphasis added).

7

"Pennsylvania Courts have construed appellants' explanations of late filings as requests for *nunc pro tunc* relief." *Ali v. Unknown CERT Team Members*, 334 A.3d 953, 956 (Pa. Cmwlth. 2025). Thus, Manh To's filings, similar to the letter in *Ali*, can be construed as a request for *nunc pro tunc* relief.

Normally, under these circumstances, given the claims Manh To made and documents presented, we would remand for common pleas to determine whether the appellant timely complied with the 1925(b) Order or would be entitled to *nunc pro tunc* relief. However, remand for those purposes here is unnecessary because, while the 1925(b) Order complied with the requirements of Rule 1925(b)(3),[9] common pleas' docket lacks the required notation of entry of the 1925(b) Order.

_____

[9] In addition, the contents of a 1925(b) order must specify the following:

(i)    the number of days after the date of entry of the judge's order within which the appellant must file and serve the [1925(b)] Statement;

(ii)    that the [1925(b)] Statement shall be filed of record;

(iii)    that the [1925(b)] Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the [1925(b)] Statement in person and the address to which the appellant can mail the [1925(b)] Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the [1925(b)] Statement on the judge; and

(iv)    that any issue not properly included in the [1925(b)] Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3)(i)-(iv). Here, common pleas' 1925(b) Order directed Manh To to file of record and serve the common pleas judge with the 1925(b) Statement within 21 days of the date of the 1925(b) Order, which set Manh To's return date to October 21, 2024. (Common Pleas' 1925(b) Order.) Common pleas' 1925(b) Order further expressly stated that any issues not included in the 1925(b) Statement shall be deemed waived. (*Id*.) While common pleas' 1925(b) Order did not contain an address to which Manh To's 1925(b) Statement was to be delivered in person or by mail, "this Court has consistently held that such an omission does not excuse an **(Footnote continued on next page…)**

Rule 236 governs the obligations of a prothonotary for entries of orders. Specifically, it states, in relevant part,

> (a) The prothonotary shall immediately give written notice of the entry of
>
> . . . .
>
> > (2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.
>
> (b) **The prothonotary shall note in the docket the giving of the notice** and, when a judgment by confession is entered, the mailing of the required notice and documents.

Pa.R.Civ.P. 236 (emphasis added).

In *Schlag v. Department of Transportation*, 963 A.2d 598 (Pa. Cmwlth. 2009), we addressed whether a petitioner had waived all issues on appeal by failing to file a timely 1925(b) statement where the trial court docket did not include a Rule 236 notation of entry of the trial court's order directing same. We reasoned that the requirements of Rule 236 are clear in that a trial court **docket must show** a notation that notice of an order directing the filing of a 1925(b) statement was served on the parties and **absent** this docket notation, a finding of waiver would be **unfair and inappropriate**. *Id.* at 602 (citing *In re L.M.*, 923 A.2d 505, 509-10 (Pa. Super. 2007)). Thus, we did not find waiver. More recently, in *Collins v. Cargo* (Pa. Cmwlth., No. 1876 C.D. 2016, filed September 15, 2017), slip op. at 8 n.6, relying on *Schlag*, we did not find waiver where a review of the trial court's docket sheet

---

appellant's failure to file a 1925(b) statement." *Morrisette v. PA State Sys. of Higher Educ.* (Pa. Cmwlth., No. 7 C.D. 2022, filed July 10, 2023), slip op. at 9 n.3 (citing compilation of cases). Thus, common pleas' 1925(b) Order conformed to the requirements of Rule 1925(b).

revealed **no indication** that the prothonotary provided the plaintiff with **notice** of an order directing the filing of a 1925(b) statement as required by Rule 236(b).[10]

Here, there is no Rule 236 notation on common pleas' docket sheet indicating that Manh To was served with common pleas' 1925(b) Order directing the filing of the 1925(b) Statement. Because both this Court and our Supreme Court have held that litigants must **strictly comply** with the requirements of Rule 1925(b) or risk waiver of all issues on appeal, we have also held that **trial courts** must strictly comply with the applicable notice requirements of Rule 236. *See Schlag*, 963 A.2d at 602. Thus, considering the omission of the Rule 236 notation on the docket sheet and Manh To's claims that he did not receive the 1925(b) Order in time to comply,[11] we will not find that Manh To's untimely 1925(b) Statement resulted in waiver of all issues on appeal. Thus, remand for a determination of whether Manh To is entitled to *nunc pro tunc* relief is unnecessary.

Common pleas' Statement in Lieu determined the issues were waived and did not fully address the merits of the issues raised in Manh To's 1925(b) Statement. Because the issues were not waived, we will remand to give common pleas the opportunity to issue an opinion addressing the merits of Mahn To's appeal. *See Lord*, 719 A.2d at 308 ("The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review."); *Miller Dev. Corp. v. Union Twp. Mun. Auth.*, 666 A.2d 391, 395 (Pa. Cmwlth. 1995) (holding where "the trial court [does] not satisfy the requirements of Rule 1925(a), the proper course is

---

[10] *See also Commonwealth v. Fields* (Pa. Cmwlth., No. 708 C.D. 2022, filed Sept. 19, 2025) (concluding that a petitioners untimely Rule 1925(b) statement was not fatal to the appeal because the trial court docket did not contain service notations as required under Pennsylvania Rule of Criminal Procedure 114(C)(2)(c), Pa.R.Crim.P. 114(C)(2)(c)).

[11] In addition, we note that common pleas Order denying the Motion was not exited until **over a month** after it was dated and this delay remains **unexplained in the record**.

10

to remand to the trial court with instructions to prepare a proper opinion and return it to the reviewing panel").

## IV. CONCLUSION

Because common pleas' docket does not contain a notation that the 1925(b) Order exited as required by Rule 236(b), we will not find that Manh To waived all issues on appeal. As common pleas' Statement in Lieu did not address the merits of Mahn To's appeal, we retain jurisdiction but remand to common pleas to file a new 1925(a) opinion.

 

_____

RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1746 C.D. 2024 |
| | : | |
| $30,250.00 U.S. Currency | : | |
| | : | |
| Appeal of:  John Manh To | : | |

**O R D E R**

**NOW**, July 13, 2026, this matter is **REMANDED** to the Court of Common Pleas of Berks County to file a new opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), within 30 days of the date of this order.

Jurisdiction retained.

_____
RENÉE COHN JUBELIRER, President Judge